PER CURIAM.
The 1989 Florida Legislature enacted chapter 89-345, Laws of Florida, tentatively to be codified at sections 415.503-415.-5089, Florida Statutes (1989), concerning the need to create a procedure by which physical custodians can acquire authorization to consent to medical treatment for drug-dependent newborns. This legislation becomes effective on October 1, 1989.
The Juvenile Court Rules Committee of The Florida Bar, pursuant to Florida Rule of Judicial Administration 2.120, submits these rules with its unanimous approval, as well as the unanimous approval of the Florida Bar Board of Governors.
We approve these recommended rules and adopt them, to be effective at 12 a.m., October 1, 1989, and they shall be subject to amendment after further consideration by the Court. Interested parties are invited to submit comments and suggestions regarding the rules as adopted on or before December 1, 1989. These new Florida Rules of Juvenile Procedure 8.880-8.887 are appended.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.
PART III. OTHER PROCEEDINGS
A. INTRODUCTORY RULES
RULE 8.880 SCOPE AND PURPOSE
These rules shall govern the procedures in the circuit court in the exercise of its jurisdiction relating to juveniles as'may be required by law.
They are intended to provide a just, speedy, and efficient determination of the procedures covered by them and shall be construed to secure simplicity in procedure and fairness in administration.
They shall be known as the Florida Rules of Juvenile Procedure and may be cited as Fla.RJuv.P.
When appropriate the use of singular nouns and pronouns shall be construed to include the plural and the use of plural nouns and pronouns shall be construed to include the singular. The use of male pronouns shall be construed in the universal sense of both male and female.
B. GUARDIAN ADVOCATES FOR
DRUG-DEPENDENT NEWBORNS RULE 8.881 COMMENCEMENT OF PROCEEDINGS
(a) All proceedings under this part shall be initiated by the filing of a petition for the appointment of a guardian advocate.
(b) Upon commencement of any proceeding, the clerk shall open a file and assign a case number.
*664 RULE 8.882 PARTIES
(a) For the purpose of these rules the terms “party” and “parties” shall include the petitioner, the child, the parent, the guardian ad litem where appointed, the custodian, and every person upon whom service of summons is required by law.
(b) The state attorney’s office or the Department of Health and Rehabilitative Services may become a party upon notice to all other parties and notice to the court. The court may add additional parties.
RULE 8.883 GUARDIAN AD LITEM
The court may appoint a guardian ad litem to represent the interests of the child. RULE 8.884 PROCESS AND SERVICE
(a) Summons.
(1) Personal appearance of a person in a hearing before the court shall obviate the necessity of serving process upon that person.
(2) Upon the filing of the petition, and upon request of the petitioner, the clerk or deputy clerk shall issue a summons.
(3) The summons shall require the person on whom it is served to appear for a hearing at a time and place specified. Except in cases of medical emergency, the time of hearing shall not be less than twenty-four (24) hours after service of the summons. The summons shall be directed to and shall be served upon the parents. It shall not be necessary to the validity of the proceedings that the parents be present if their identity or presence is unknown, after a diligent search and inquiry have been made; if they have become residents of a state other than this state; or if they evade service or ignore summons, but in this event the person who made the search and inquiry shall file a certificate of those facts.
(b) Subpoenas. Upon the application of a party, the clerk or deputy clerk shall issue, and the court on its own motion may issue, subpoenas requiring attendance and testimony of witnesses and production of records, documents, or other tangible objects at any hearing.
RULE 8.885 PETITION
(a) Contents of Petition.
(1) The petition shall allege sufficient facts showing grounds for appointment of a guardian advocate based upon applicable law.
(2) The petition shall contain allegations as to the identity and residence of the parents or custodians, if known.
(3) The petition shall identify the age, sex, and name of the child. Two (2) or more children may be the subject of the same petition.
(b) Voluntary Dismissal. The petitioner without leave of the court, at any time prior to the entry of the order, may request a voluntary dismissal of the petition by serving a notice of request for dismissal on all parties or, if during a hearing, by so stating on the record. The petition shall be dismissed and the court loses jurisdiction unless another party adopts the petition within forty-eight (48) hours. Unless otherwise stated, the dismissal shall be without prejudice.
RULE 8.886 HEARING
(a) Time Limit. All hearings shall be carried out as provided by law within the time limits proscribed therein.
(b) Orders.
(1) In all cases at the conclusion of the hearing the court shall enter a written order granting or denying the petition.
(2) An order granting the appointment of a guardian advocate shall specify the term of appointment and not exceed that provided by law.
RULE 8.887 REVIEW AND REMOVAL
(a) The court may review the appointment of a guardian advocate at any time but shall review the appointment within the time limits as provided by law.
(b) The reauthorization or removal of the guardian advocate shall be governed as provided by law.